■ RUSSO ASSOCIATES, INC., Appellant, v COUNTY OF NASSAU, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burstein, J.), dated February 3, 1988, which denied its motion for summary judgment, and, upon searching the record, granted the defendant summary judgment and dismissed the action.

Ordered that the order is affirmed, with costs.

The plaintiff contends that the defendant entered into a contract with it to demolish the facade of a building for a fixed sum of $31,400. The defendant contends that this figure was included in the delivery order simply to permit the Comptroller of the County of Nassau to set aside sufficient funds and that the actual payment should be governed by the terms of a "blanket" contract previously entered into by the parties.

It is premature for the courts to intervene in this matter since the plaintiff's claim for payment has not been audited by the Nassau County Board of Supervisors. County Law § 369 (2) provides that, except in situations not applicable here, "every claim for the payment of money shall be audited by the board of supervisors and shall be in writing and itemized." Even if, as the plaintiff contends, it had a written contract for a fixed sum, the claim for payment would be subject to an audit. The plaintiff misconstrues this court's decision in *Eberlin & Eberlin v County of Putnam* (81 AD2d 376) as supporting its contention that contractors with fixed-sum contracts do not have to comply with Nassau County audit procedures. We note that the defendant has not refused to audit the plaintiff's claim for payment. In the event that the plaintiff is dissatisfied with the results of the audit, it may seek review in a proceeding pursuant to CPLR article 78 *(see, Eberlin & Eberlin v County of Putnam, supra)*. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.